UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-112-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MOTION TO REVEAL |
| VS. | ) | THE IDENTITY OF THE |
| | ) | INFORMANT |
| WALTER DAVIS | ) | |

NOW COMES the Defendant, Walter Davis, by and through the undersigned counsel, pursuant to the Fifth and Fourteenth Amendments to the Constitution as well as Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and moves this Court for an order, compelling the disclosure of the identity of the informant in this case. Disclosure is necessary for the defendant to prepare his defense to the charge.

FACTS

In 2006, Walter Davis and his wife, Rosa separated after 41 years of marriage. The couple had one daughter and had adopted their grandson, raising him in their home as their son. The Davis family purchased a home located at 4902 Tupelo Drive, in Wilmington, in the early 1970s. At the time of their separation, Mrs. Davis moved from the home that she shared with her husband since the early 1970s to her parents' home. Walter Davis continued to live in the marriage home, 4902 Tupelo Drive. The couple's

daughter and her minor children also stayed at the Tupelo Drive residence after the Davis' separation.

William Davis is the couple's grandson whom they adopted and raised.  William Davis attends the University of Virginia, in Charlottesville.  He also has his bedroom at the Tupelo Drive house.  He returns home regularly from school and keeps some belongings there.

After Walter Davis' release from prison, he returned home.  Prior to the couple's separation, Walter Davis discovered at some time that William had left a pistol in William's bedroom.  Mr. Davis discussed this situation with William, directing him to remove the weapon from the Tupelo Drive home because of Mr. Davis' status as a person prohibited from possessing a firearm.  William acted upon this directive and Mr. Davis believed that he had resolved the issue.

In February 2007, Probation Officer John Cooper approached A.T.F. Agent Tony Glascock, relaying to Glasscock that he had received information that Mr. Davis had a firearm at 4902 Tupelo Drive.  Specifically, the information was that there was a short barreled shotgun, which was hid in a deck umbrella in a shed behind the residence.  Glasscock, Cooper and other probation officers traveled to Tupelo Drive, getting consent to search the

home from Walter Davis. They located a firearm in a bedroom dresser, some in a hall closet, and one in a shed, located behind the home.

Walter Davis spoke with Agent Glasscock that day, telling him that guns in the hall closet were in that location before his incarceration. Mr. Davis believed that there were no weapons in the home upon his return from prison.

## LAW

Disclosure of the identity of an informant is required where the informant can provide information or evidence helpful to a defendant in the preparation of his case. <u>Rovario v. United States</u>, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). "The privilege of nondisclosure must give way where disclosure is essential or relevant and helpful to the defense of the accused, lessens the risk of false testimony, is necessary to secure useful testimony, or is essential to a fair determination of the case." <u>McLawhorn v. North Carolina</u>, 484 F.2d 1, 5 (4th Cir. 1973). "Limitations on the privilege of nondisclosure arise from the Fourteenth Amendment's requirement of fundamental fairness to the accused." <u>Id.</u> (internal citations omitted).

In determining whether disclosure is justifiable, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense". Rovario, 353 U.S. at 60-61. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.

While a defendant must come forward with something more than speculation as to the usefulness of such disclosure, "[e]vidence of entrapment, misidentification, intent, or knowledge often is available only to those who actively participate in the transaction; unless the accused waives his Fifth Amendment right to remain silent, and testifies, he is forced to rely upon prosecution witnesses to provide proof of need." McLawhorn, 484 F.2d at 7. "Disclosure is only required after a court has determined that the informer's testimony is highly relevant." United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985)(internal citations omitted). "One of the most important factors to be considered is the materiality of the evidence to the defendant's particular defense." Id. "The decision of whether the testimony of the informer will

be relevant and helpful is usually within the trial judge's discretion." Id.

## ANALYSIS

Walter Davis maintains that he had no knowledge of the presence of the weapons in his home. He believed that the firearms had been removed during his incarceration by his spouse.

Therefore, his defense to the charge against him is his lack of knowledge of the presence of the firearms with which the government has charged him possessing.

The informant relayed specific information to U.S.P.O. Cooper about the short barreled shot gun hidden in a deck umbrella in the shed behind the residence. The informant's basis for his or her knowledge of the exact location of the gun and the exact description of it is relevant and helpful to Mr. Davis' defense to the charge against him. The manner by which the informant learned of the presence of the gun is relevant and material to Walter Davis' defense. This situation is one in which "[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, [is] a matter for the accused rather than the Government to decide." Rovario, 353 U.S. at 64.

Having the identity of the informant revealed is "essential to a fair determination of the case." Id.

CONCLUSION

As such, the defendant respectfully requests that this Court enter an order, compelling the disclosure of the identity of the informant.

This the 7th day of December, 2007.

/s/Geoffrey W. Hosford
Hosford & Hosford, P.C.
P.O. Box 1653
Wilmington, NC 28402
(910)251-8333
(910)251-5010(facsimile)
State Bar No. 21239

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this motion upon the United States by electronically filing the foregoing with the Clerk of Court on December 7, 2007, using the CM/ECF system, which sends notification of such filing to:

>Jason Cowley
>Assistant United States Attorney
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601-1461

This the 7th day of December, 2007.

>/s/Geoffrey W. Hosford
>Attorney for Defendant
>Post Office Box 1653
>Wilmington, NC 28402
>(910) 251-8333
>State Bar Number 21239